UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GARY R. WALL | : | CIVIL ACTION NO. |
| Plaintiff, | : | 3:09-cv-344 (JCH) |
| | : | |
| v. | : | |
| | : | |
| EXECUTIVE OFFICE FOR | : | NOVEMBER 16, 2010 |
| UNITED STATES ATTORNEYS, | : | |
| ET AL. | : | |
| Defendants. | : | |

**RULING RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. No. 27]**

## I.    INTRODUCTION

Gary R. Wall, proceeding pro se, challenges the decision by the U.S.

Department of Justice ("DOJ"), acting through the Executive Office for United States

Attorneys ("EOUSA") and the Office of Information and Privacy ("OIP"), not to provide

documents that he requested pursuant to the Freedom of Information Act ("FOIA"), 5

U.S.C. section 552.  The DOJ's decision was based on Wall's failure to pay the

estimated cost of identifying and preparing the responsive documents and their

decision to deny his request to waive those costs pursuant to 28 C.F.R. section

16.11(k).

Defendants have moved for summary judgment in their favor.[1]  Based on the

record and the applicable law, the government's Motion is granted.

## II.   BACKGROUND

On September 6, 2007, Wall sent a FOIA request seeking the following records

_____

[1]  On the deadline for opposition, Wall filed a brief pleading that did not directly address
defendants' Motion (Doc. No. 40).  The court reviewed and considered this pleading in connection with this
Ruling.

from the United States Attorney's Office for the Northern District of Illinois:

> [A]ll communications, investigation logs, b2 Forms, fax communications and e-mails from or to Robert D. Luskin in his signatory government capacity as "In House Prosecutor" under the authority of 18 USC 1961(7) "Operating Agreement" that either mention directly or indirectly Gary R. Wall. All communications to or from Douglas W. Gow, Inspector General "Operating Agreement" with the department of Justice and Laborers' International Union of North America.

Declaration of John H. Boseker (June 1, 2009) ("Boseker Decl.")[2], Exh. A (Sept. 6, 2007 Letter from Wall to EOUSA). Wall sought records from 1995 to the date of his request. Id.

By letter dated November 28, 2007, EOUSA notified Wall that the U.S. Attorney's Office had identified approximately 375 boxes of records that would need to be searched for responsive documents and that each box contained between 2,000 and 4,000 pages. Boseker Decl., Exh. C (Nov. 28, 2007 Letter from EOUSA to Wall) (the "EOUSA Letter").[3] The U.S. Attorney's Office estimated that a complete search would require an additional 150 hours of work, at a rate of $28 per hour. Id. The EOUSA Letter informed Wall that he would need to pay an estimated fee of $4200 in advance in order for his request to be processed. Id. A note at the bottom of the letter states, "Note: You may appeal this response by writing within 60 days to the Office of Information and Privacy [OIP]." Id.

On January 21, 2008, Wall sent a letter to OIP appealing the determination in

---

[2] The Boseker Declaration is Exhibit A to Defendants' Local Rule 56(a)(1) Statement (Doc. No. 27-2).

[3] The EOUSA Letter is also included in the Complaint (Doc No. 1) at 11.

the EOUSA Letter and requesting waiver of the fee.  Boseker Decl., Exh. D (Jan. 21, 2008 Letter from Wall to OIP).  Wall's letter contains cryptic references to government corruption, including "a conspiracy to defraud the Lawful Functions of the United States," purportedly involving the Department of Justice, various federal prosecutors and judges in various parts of the country, former President Clinton, Hillary Clinton, and Arthur Coia, among others.  Id.  Wall then states:

> [T]he search fee is nothing but another ploy to hide from exposure the D.O.J./Coia's 18 U.S.C. 1961(4) Enterprises conspiracy against the Lawful Functions of the United States (18 USC 371(a)(b)/18 USC 1962(b) criminal scheme) that in its final unfetter stages caused Separation of Power Corruption.  The material obtained from the United States Office Northern District of Illinois by this F.O.I.A. Appeal, if granted, will be used to support a Due Process Civil Rights Act Complaint against defendant United States Attorney Office District of Connecticut, Kevin O'Connor, Esq. and the Northern District of Illinois United States Office, Wrongdoer Patrick Fitzgerald, Esq.  It will also in part support a request for access to a Federal Grand Jury for protection against Separation of Power corruption.

Id. at 6.

On October 1, 2008, OIP issued a decision affirming the EOUSA determination regarding the advance fee.  Boseker Decl., Exh. F (Oct. 1, 2008 Letter from OIP to Wall) (the "OIP Letter").[4]  The OIP Letter sets forth a detailed explanation of the fee waiver provisions in FOIA and the DOJ regulations.  Id.  As the OIP Letter explains, those provisions provide that a waiver or reduction of the fee is warranted if the requester demonstrates that "(i) [d]isclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the

---

[4]  The OIP Letter is also included as an attachment to the Complaint (Doc. No. 1-1).

operations or activities of the government, and (ii) [d]isclosure of the information is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii); 28 C.F.R. § 16.11(k)(1).  The regulations identify six factors to consider in applying this standard.  28 C.F.R. § 16.11(k)(2).  The OIP Letter explains in detail that Wall had not satisfied the second, third and fourth factors, which relate to a showing that disclosure of the information would be in the public interest.  Boseker Decl., Exh. F.  The letter affirms the imposition of the fee and denies Wall's request for a waiver.  Id.  The letter closes by stating:  "If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B)."  Id.

Wall initiated this action to challenge the government's refusal to waive the fee. Defendants moved for Summary Judgment on May 26, 2010 (Doc. No. 27) and provided notice to Wall as required by Local Rule of Civil Procedure 56(b) (Doc. No. 28).  Following dismissal of Wall's interlocutory appeal to the Second Circuit, this court reset the deadline for Wall to respond to defendants' Motion for Summary Judgment to October 29, 2010, and advised Wall that "[f]ailure to file an opposition may result in the entry of judgment for the defendants."  Doc. No. 39.  On the deadline date, Wall filed a short document entitled, "5 U.S.C. 522(a)(4)(B) Fee Waiver Complaint" (Doc. No. 40). In that document, Wall does not acknowledge or respond to any of the arguments raised in support of defendants' Motion for Summary Judgment.  Instead, Wall recounts years of perceived injustices allegedly committed against him by an "illegal and corrupt Judicial System."  Id. at 1.

III.    JURISDICTION AND STANDARD OF REVIEW

FOIA provides jurisdiction to review agency determinations withholding

requested documents.  5 U.S.C. § 552(a)(4)(B) ("On complaint the district court of the United States in the district where the complainant resides . . . has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant.").  FOIA also supplies the relevant standard of review:  "In any action by a requester regarding the waiver of fees under this section, the court shall determine the matter de novo:  Provided, That the court's review of the matter shall be limited to the record before the agency."  Id. at § 552(a)(4)(A)(vii).

FOIA litigation may appropriately be resolved upon a motion for summary judgment.  See, e.g., Reynolds v. Atty. Gen. of the U.S., 09-cv-434 (SHS), 2009 WL 1938964, at *2 (S.D.N.Y., July 7, 2009); Associated Press v. U.S. Dep't of Justice, 06-cv-1758 (LAP), 2007 WL 737476, at *3 (S.D.N.Y., March 7, 2007).  On a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986).  Because "the burden of the nonmovant to respond arises only if the motion is properly supported," a court may not grant summary judgment solely on the basis of a failure to respond.  Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001) (internal quotation omitted).  Failure to respond may permit the court to accept the movant's factual assertions as true, but the movant still bears the burden of establishing that the undisputed facts entitle it to judgment as a matter of law.  Vermont Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 246 (2d Cir. 2004); see also Local Civ. R. 56(a)(1) (providing that material facts set forth in a party's Local Rule 56(a)1 Statement are "deemed admitted" unless they are

controverted in a responsive statement). "Even when a nonmoving party chooses the perilous path of failing to submit a response to a summary judgment motion, the district court may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial." Amaker, 274 F.3d at 681.

Here, there are no genuine issues of material fact. The court's review is limited to the record before the agency, 5 U.S.C. § 552(a)(4)(A)(vii), which is comprised solely of the correspondence between Wall and the Department of Justice. That record has been submitted to the court in full by the government, see Boseker Decl., and in part by Wall, see Complaint. There is no dispute that the record is complete and accurate. Therefore, the court need only determine whether the law supports the government's refusal to waive the fee and provide the requested documents to Wall.

## IV. DISCUSSION

### A. Exhaustion of Remedies

The government argues that Wall is not entitled to court review because Wall failed to exhaust administrative remedies. The government asserts that, "in the FOIA context, exhaustion 'does not occur until the required fees are paid or an appeal is taken from the refusal to waive fees.'" Defendants' Memorandum in Support (Doc. No. 27-1) ("Gov't Mem.") at 8 (quoting Oglesby v. Dept. of the Army, 920 F.2d 57, 66 (D.C. Cir. 1990)). The government contends that, under this standard, Wall is not entitled to judicial review because he did not request a fee waiver from EOUSA, but instead first requested a fee waiver in his appeal to OIP.

This exhaustion argument is gratuitous. First, the government cites no precedent in which exhaustion principles have been applied to bar judicial review where the plaintiff first raised the issue in the proceeding before the appellate authority of an agency and that appellate authority chose to address the issue. Instead, the government's authorities emphasize the importance of exhausting remedies by bringing the issue before the agency's appellate authority before proceeding to the court. Cf. Oglesby, 920 F.2d at 64 ("[Congress] did not mean for the court to take over the agency's decisionmaking role in midstream or to interrupt the agency's appeal process when the agency has already invested time, resources, and expertise into the effort of responding.").[5] The government also fails to acknowledge that, even if the exhaustion doctrine could be applied in this case, that doctrine is prudential, not jurisdictional, as is shown by the authorities cited by the government. See Oglesby, 920 F.2d at 61 ("[A]bsent a statutory provision to the contrary, failure to exhaust is by no means an automatic bar to judicial review; courts usually look at the purposes of exhaustion and the particular administrative scheme in deciding whether they will hear a case or return it to the agency for further processing."); NAACP Legal Defense and Ed. Fund, Inc. v. U.S. Dep't of Housing and Urban Dev., 07-cv-3378 (GEL), 2007 WL 4233008, at *5 (S.D.N.Y., Nov. 30, 2007) (". . . FOIA's exhaustion requirement is prudential, and therefore may be waived under appropriate circumstances . . . . In this case [requiring

---

[5] The government attempts to draw an analogy to Keen v. FBI, 98-cv-2658 (HHK), 2006 WL 2844908 (D.D.C., Sept. 29, 2006). However, the government's description of that case obscures the basic fact that exhaustion was applied to bar court review of a portion of a fee because the requestor had not appealed that portion of the fee to OIP. Id. at *2; see Gov't Mem. at 9. In that case, the appellate authority within the department had no opportunity to consider the issue raised in the court. Here, that same appellate authority gave detailed consideration to the issue.

exhaustion] would inhibit what is intended to be a simple process to give people access to records created by their government."). There is no jurisdictional exhaustion provision in FOIA. See 5 U.S.C. § 552; see also Wilbur v. C.I.A., 355 F.3d 675, 677 (D.C. Cir. 2004) ("[E]xhaustion of a FOIA request is not jurisdictional because the FOIA does not unequivocally make it so . . . .") (quotation omitted).[6]

Second, the facts in this case utterly fail to support application of this technical bar against a pro se plaintiff. When EOUSA informed Wall of the $4,200 advance fee, it did not tell him that he could request a fee waiver from EOUSA. Instead, it informed him that he could appeal the determination to OIP. Boseker Decl., Exh. C. A lay person receiving this letter would be quite warranted in concluding that he should proceed by raising his request for waiver to OIP. When Wall did that, OIP did not insist that he go back to EOUSA to request a waiver. Instead, OIP gave detailed consideration to his request, going point by point through the regulation and analyzing case law in support of its determination. Boseker Decl., Exh. F. Finally, OIP expressly invited Wall to file a court action for review of its determination. Id. at 2 ( "If you are dissatisfied with my action on your appeal, you may file a lawsuit in accordance with 5 U.S.C. § 552(a)(4)(B)."). In this circumstance, it is difficult to understand how the government could be of the view that its exhaustion argument has not been waived.

_____

[6] The Second Circuit has expressed doubt that exhaustion in the FOIA context is jurisdictional. See Robert v. Dep't of Justice, 193 F. App'x 8, 9 (2d Cir. 2006) (Summary Order) ("We are not certain, however, that the district court was correct to characterize [failure to exhaust remedies] as a jurisdictional issue."). However, the Second Circuit declined to decide that issue and affirmed on the ground that the FOIA claim was without merit. Id. at 10. District courts in this circuit have held that exhaustion under FOIA is prudential, not jurisdictional. See, e.g., Schwarz v. Dep't of Justice, 10-cv-0562, 2010 WL 2836322, at *2 (E.D.N.Y., July 14, 2010) ("The weight of recent authority holds that the failure to exhaust an administrative claim under the FOIA does not impact the Court's subject matter jurisdiction."); Dinsio v. F.B.I., 445 F. Supp. 2d 305, 309 (W.D.N.Y. 2006); Megibow v. Clerk of U.S. Tax Court, 04-cv-3321, 2004 WL 1961591, at *3 (S.D.N.Y., August 31, 2004).

Finally, the purposes behind the exhaustion requirement have been more than adequately served here. As the government states, the purpose of requiring exhaustion is to provide the agency with "an opportunity to exercise its discretion and expertise on the matter and to make a factual record to support its decision." Gov't Mem. at 7 (quoting Oglesby, 920 F.2d at 61). The OIP – the appellate authority for FOIA requests to the DOJ – plainly exercised its discretion and expertise by providing a detailed analysis of Wall's fee waiver request. The Department was not deprived of an opportunity to create a factual record. OIP's determination required nothing more than a review of Wall's statement of reasons for a fee waiver. See Boseker Decl., Exh. F. The court cannot imagine what additional fact finding might have occurred if Wall had first provided those reasons to EOUSA. In these circumstances, Wall's failure to request a fee waiver from one office of the Department of Justice, before requesting, and receiving, a decision from the higher, appellate authority of that same agency does not present a basis for barring court review. See Wilbur, 355 F.3d at 677 (holding that FOIA's prudential exhaustion requirement did not preclude court review where the agency had accepted and ruled upon an untimely administrative appeal).

B. **Merits of Fee Waiver Request**

Turning to the merits, however, it is clear that summary judgment in favor of the government is warranted. First, there is no question that the Department of Justice had the authority to impose a fee to be paid in advance as a condition of processing Wall's FOIA request. FOIA requires agencies to promulgate regulations specifying a schedule of fees, and it permits agencies to require advanced payment where the fees are determined to be in excess of $250. 5 U.S.C. § 552(a)(4)(A)(i), (v). The DOJ has

promulgated such regulations. 28 C.F.R. § 16.11. Given the breadth of Wall's FOIA request, it is no surprise that hundreds of hours of time would be required to locate and identify the responsive documents, and the DOJ fee applied the regulatory rate per hour. 28 C.F.R. § 16.11(c)(1)(ii). Under FOIA and DOJ regulations, it was appropriate to require payment of a fee in advance.

FOIA and DOJ regulations also set forth the standard for granting a fee waiver. FOIA provides:

> Documents shall be furnished without any charge or at a charge reduced below the fees established under clause (ii) if disclosure of the information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester.

5 U.S.C. § 552(a)(4)(A)(iii). The DOJ regulations establish criteria for determining whether a fee waiver is appropriate under the foregoing standard. These include the following:

> (i) . . . The subject of the requested records must concern identifiable operations or activities of the federal government, with a connection that is direct and clear, not remote or attenuated.

> (ii) . . . The disclosable portions of the requested records must be meaningfully informative about government operations or activities in order to be "likely to contribute" to an increased public understanding of those operations or activities. . . .

> (iii) . . . The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the individual understanding of the requester. A requester's expertise in the subject area and ability and intention to effectively convey information to the public shall be considered. . . .

> (iv) . . . The public's understanding of the subject in question, as compared to the level of public understanding existing prior to the disclosure, must be enhanced by the disclosure to a significant extent. . . .

28 C.F.R. § 16.11(k)(2).

The burden is on the requester to establish that a fee waiver is warranted. Carney v. U.S. Dep't of Justice, 19 F.3d 807, 814 (2d Cir. 1994). "Fee waiver requests must be made with reasonable specificity . . . and based on more than conclusory allegations." Natural Resources Defense Council v. U.S. E.P.A., 581 F. Supp. 2d 491, 497 (S.D.N.Y. 2008) (quoting Judicial Watch, Inc. v. Rossotti, 326 F.3d 1309, 1312 (D.C. Cir. 2003)).

Wall did not meet his burden. Wall's letter requesting a fee waiver provides only conclusory, and not entirely comprehensible, allegations of government corruption. His allegations include the existence of "Judicial Council Rule 8(a) Ballot fraud," "Separation of Power Corruption caused by the 'Operating Agreement' scheme," and an "18 USC 1961(4) Enterprises conspiracy against the Lawful Functions of the United States." Boseker Decl., Exh. D. These alleged frauds and conspiracies are somehow supposed to involve United States Attorney's Offices in Illinois and Boston, a former president and first lady, a federal appeals court judge in New York, a Boston Grand Jury, and the Laborers' International Union. Id. Wall's fee waiver request also fails to explain how these allegations connect with the scope of Wall's FOIA request. Wall's FOIA request seeks 12 years of documents and communications mentioning himself directly or indirectly. Bosecker Decl., Exh. A. Yet, his fee waiver request does not explain why documents referencing himself would tend to provide any information about the alleged

schemes.

Wall's fee waiver request does not meet the requirement of showing that the requested records concern "identifiable operations or activities of the federal government," 28 C.F.R. § 16.11(k)(2)(i), that they would be "meaningfully informative about government operations or activities," id. at § 16.11(k)(2)(ii); or that they would increase public understanding to "a significant extent." Id. at § 16.11(k)(2)(iv). In addition, his FOIA request and his fee waiver request raise serious doubts that Wall has "expertise in the subject area" or the "ability . . . to effectively convey information to the public." Id. at § 16.11(k)(2)(iii). Therefore, Wall has not shown that he is entitled to have the fee waived, and the DOJ correctly refused to process Wall's FOIA request unless Wall paid the fee in advance.[7]

IV.     CONCLUSION

For the foregoing reasons, defendants' Motion for Summary Judgment (Doc. No. 27) is hereby **GRANTED.**

**SO ORDERED.**

Dated at Bridgeport, Connecticut this 16th day of November, 2010.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge

---

[7] In light of the court's conclusion, the court need not reach the government's alternative argument regarding forum non conveniens.